

**User Name:** Eugenia Fowlkes
**Date and Time:** Tuesday, October 22, 2024 12:54:00 PM MST
**Job Number:** 236685152

## Document (1)

1. *Libman v. United States*
   **Client/Matter:** -None-
   **Search Terms:**
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2024 LexisNexis

Eugenia Fowlkes

Neutral
As of: October 22, 2024 7:54 PM Z

# Libman v. United States

United States Court of Appeals for the Ninth Circuit

May 8, 2024[**], Submitted, Pasadena, California; May 20, 2024, Filed

No. 23-55417

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Eugenia Fowlkes

**Reporter**
2024 U.S. App. LEXIS 12069 *; 2024 WL 2269271

MICHAEL J. LIBMAN, an individual; LAW OFFICES OF MICHAEL J. LIBMAN APC, a California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR A, by and through the minors parents Michael J. Libman and Barbara Libman; MINOR B, by and through the minors parents Michael J. Libman and Barbara Libman, Plaintiffs-Appellants, v. UNITED STATES OF AMERICA; MELISSA J. MILLS; MACK ERIC JENKINS; NICOLA HANNAH; JULIENNE MAYFIELD; ANDREW CIVETTI; THOMAS RUSCITTI; MICHAEL N. FEUER; ERIC GEORGE; CITY OF LOS ANGELES; KINGSLEY & KINGSLEY, APC; ERIC B. KINGSLEY, Attorney; ELIHU M. BERLE, Judge; BRIAN S. KABATECK; KABATECK, LLP; ANASTASIA MAZZELLA, Attorney; MARIBETH ANNAGUEY, Defendants-Appellees.

**Notice:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [*1] Appeal from the United States District Court for the Central District of California. D.C. No. 2:21-cv-09455-SSS-MAA. Sunshine Suzanne Sykes, District Judge, Presiding.

Libman v. United States, 2023 U.S. Dist. LEXIS 28798, 2023 WL 2749192 (C.D. Cal., Feb. 21, 2023)

**Disposition:** AFFIRMED.

## Core Terms

district court, properly dismiss, allegations, seizure, declaratory relief, federal court, state court, cameras, rights

## Case Summary

### Overview

HOLDINGS: [1]-The trial court properly dismissed plaintiffs' class claim for lack of U.S. Const. art. III standing because the first amended complaint vaguely alleged that the government conducted, and had been conducting searches and seizures of homes or businesses during which the government destroyed surveillance cameras and related equipment, but provided no facts to support the claim; [2]-The trial court properly dismissed plaintiffs' first individual cause of action for declaratory and injunctive relief because the claim sought equitable relief in the form of a declaration or injunction for the alleged Fourth Amendment unconstitutional seizure rather than money damages.

### Outcome
Judgment affirmed.

## LexisNexis® Headnotes

Administrative Law > Judicial Review > Reviewability > Jurisdiction & Venue

**HN1**[ ] **Reviewability, Jurisdiction & Venue**

Appellate courts review de novo a district court's dismissal of a claim for lack of jurisdiction or failure to state a claim.

Constitutional Law > ... > Case or Controversy > Standing > Elements

**HN2**[ ] **Standing, Elements**

To invoke federal jurisdiction, plaintiffs must satisfy the threshold requirement imposed by U.S. Const. art. III by alleging an actual case or controversy. To do so, plaintiffs must show an injury-in-fact that is fairly traceable to the challenged conduct and can be redressed by a favorable decision. To show an injury-in-fact, plaintiffs must establish an invasion of a legally protected interest which is concrete and particularized and actual or imminent. When a plaintiff seeks relief against a possible future harm, the prospective injury must be certainly impending, or there must be a substantial risk that the harm will occur.

Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction

**HN3**[ ] **Jurisdiction & Venue, Jurisdiction**

In the context of jurisdiction, threatened injury must be certainly impending to constitute injury in fact, and allegations of possible future injury are not sufficient.

Constitutional Law > Bill of Rights > Fundamental Rights > Eminent Domain & Takings

Real Property Law > Eminent Domain Proceedings > Elements > Just Compensation

Real Property Law > ... > Elements > Involuntary Acquisition & Diminution of Value > Takings

**HN4**[ ] **Fundamental Rights, Eminent Domain & Takings**

The availability of subsequent compensation for alleged uncompensated takings means that such an equitable remedy is not available.

Governments > Federal Government > Claims By & Against

Real Property Law > Eminent Domain Proceedings > Elements > Just Compensation

Transportation Law > Interstate Commerce > Eminent Domain Proceedings

**HN5**[ ] **Federal Government, Claims By & Against**

The availability of the Tucker Act guarantees an adequate remedy at law for any taking which might occur.

Civil Procedure > Judgments > Declaratory Judgments > State Declaratory Judgments

**HN6**[ ] **Declaratory Judgments, State Declaratory Judgments**

Declaratory relief is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

Civil Procedure > Judgments > Declaratory Judgments > State Declaratory Judgments

Civil Procedure > Preliminary Considerations > Jurisdiction > Subject Matter Jurisdiction

**HN7**[ ] **Declaratory Judgments, State Declaratory Judgments**

When a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, it is presumed that the entire suit should be heard in state court. A district court may exercise jurisdiction in such circumstance after balancing concerns of judicial administration, comity, and fairness to the litigants.

Civil Rights Law > Protection of Rights > Conspiracy Against Rights > Elements

Civil Rights Law > ... > Elements > Color of State Law > Joint Ventures

**HN8**[ ] **Conspiracy Against Rights, Elements**

To allege a conspiracy under *42 U.S.C.S. § 1983*, a plaintiff must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.

Civil Procedure > Remedies > Damages

Governments > Courts > Authority to Adjudicate

**HN9**[ ] **Remedies, Damages**

There is an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. When appellate courts evaluate a claim, appellate courts engage in a two-part analysis: appellate courts first inquire whether the request involves a claim that arises in a new context or involves a new category of defendants. If the case is different in a meaningful way from previous cases decided by the Supreme Court, then the context is new. If the case presents a new context, appellate courts then consider whether there are any special factors that counsel hesitation about granting the extension.

**Counsel:** MICHAEL J. LIBMAN, an individual, Plaintiff - Appellant, Pro se, Tarzana, CA.

LAW OFFICES OF MICHAEL J. LIBMAN APC, a California Professional Corporation, Plaintiff - Appellant, Pro se, Tarzana, CA.

BARBARA LIBMAN, on behalf of the class of US Citizens and Residents, Plaintiff - Appellant, Pro se, Tarzana, CA.

MINOR A, by and through the minors parents Michael J. Libman and Barbara Libman, Plaintiff - Appellant, Pro se, Tarzana, CA.

MINOR B, by and through the minors parents Michael J. Libman and Barbara Libman, Plaintiff - Appellant, Pro se, Tarzana, CA.

For UNITED STATES OF AMERICA, MELISSA J. MILLS, MACK ERIC JENKINS, NICOLA HANNAH, JULIENNE MAYFIELD, ANDREW CIVETTI, THOMAS RUSCITTI, Defendant - Appellees: Matthew J. Smock, Esquire, Attorney, AGCA-Office of the California Attorney General, Los Angeles, CA; Lowell Sturgill Jr., Attorney, U.S. Department of Justice Civil Division, Appellate Staff Washington, DC.

For MICHAEL N. FEUER, CITY OF LOS ANGELES, Defendant - Appellees: Jason Yuegin Kelly, Annaguey McCann, LLP, **[*2]** Los Angeles, CA; Kathryn L. McCann, Attorney, Annaguey McCann, LLP, Los Angeles, CA; Guy Nicholson, Attorney, Ellis George, LLP, Los Angeles, CA.

For ERIC GEORGE, Defendant - Appellee: Guy Nicholson, Attorney, Ellis George, LLP, Los Angeles, CA.

For KINGSLEY & KINGSLEY, APC, ERIC B. KINGSLEY, Attorney, Defendant - Appellees: Eric B. Kingsley, Attorney, Kingsley Szamet & Ly, Encino, CA; Liane Katzenstein Ly, Attorney, Kingsley Szamet & Ly, Encino, CA; Ariel Stiller-Shulman, Esquire, Stiller Law Firm, Encino, CA.

For ELIHU M. BERLE, Judge, Defendant - Appellee: Sarah Lee Overton, Attorney, Cummings, McClorey, Davis & Acho, Riverside, CA.

For BRIAN S. KABATECK, KABATECK, LLP, ANASTASIA MAZZELLA, Attorney, Defendant - Appellees: Kirk D. Dillman, Esquire, Attorney, McKool Smith Hennigan, PC, Los Angeles, CA; Brian S. Kabateck, Attorney, Kabateck LLP, Los Angeles, CA; Anastasia Mazzella, Attorney, Kabateck Brown Kellner LLP, Los Angeles, CA.

For MARIBETH ANNAGUEY, Defendant - Appellee: Robert B. Owens, Attorney, Owens & Gach Ray, Beverly Hills, CA.

**Judges:** Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

## Opinion

MEMORANDUM[*]

Michael Libman, his law firm, his wife, and his two children (collectively "the Libmans" **[*3]** or "Plaintiffs") appeal the district court's dismissal of their First Amended Complaint (FAC) and their Second Amended Complaint (SAC). *HN1*[↑] We have jurisdiction pursuant to *28 U.S.C. § 1291*, and we review de novo the district court's dismissal of a claim for lack of jurisdiction or failure to state a claim. *Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009)*; *Murguia v. Langdon, 61 F.4th 1096, 1106 (9th Cir. 2023)*. We affirm.

1. The district court properly dismissed the Libmans' class claim for lack of standing. The Libmans brought one class claim against the United States for the "seizure and destruction of security cameras" in violation of the Fourth and *Fifth Amendments*. They allege the United States frequently engages in an "unconstitutional practice of destroying, disabling, damaging or otherwise rendering inoperable security cameras of American homes or businesses."

*HN2*[↑] To invoke federal jurisdiction, plaintiffs "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)*. To do so, plaintiffs must show an injury-in-fact that is fairly traceable to the challenged conduct and can be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. To show an injury-in-fact, "plaintiffs must establish 'an invasion of a legally protected interest which is . . . concrete and particularized' and 'actual or imminent.'" *Phillips v. U.S. Customs & Border Prot., 74 F.4th 986, 991 (9th Cir. 2023)* (omission **[*4]** in original) (quoting *Lujan, 504 U.S. at 560*). When a plaintiff seeks

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by *Ninth Circuit Rule 36-3*.

relief against a possible future harm, the prospective injury must be "certainly impending," *Clapper v. Amnesty Int'l USA, 568 U.S. 398, 401, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013)*, "or there must be a '"substantial risk" that the harm will occur,'" *Phillips, 74 F.4th at 991* (quoting *Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014)*).

The Libmans' alleged injury is based on "'unadorned speculation' insufficient to invoke the federal judicial power." *Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)* (quoting *Diamond v. Charles, 476 U.S. 54, 66, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)*). The FAC vaguely alleges that "the government conducted, and has been conducting searches and seizures of homes or businesses during which the government destroyed . . . surveillance cameras and related equipment," but provided no facts to support the claim. The SAC is similarly speculative. The SAC added an allegation that the FBI had not officially closed its investigation into Michael Libman, and as such, his family lives in constant fear of a possible search of his home and business. **HN3**[↑] The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper, 568 U.S. at 409* (cleaned up); *see San Deigo Cnty. Gun Rts. Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996)* (plaintiffs seeking declaratory and injunctive relief need to show "a very significant possibility of future harm"), *abrogated in part on other* **[*5]** *grounds by District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)*.

2. The district court properly dismissed the Libmans' first individual cause of action for declaratory and injunctive relief. The Libmans sought (1) a declaration that "the government's action in seizing the Plaintiffs' personal property and security cameras" violated the *Fourth* and *Fifth Amendment*[1]; (2) a declaration that the "retention and/or use of any records or evidence obtained through" the allegedly unconstitutional search "violates the *Fourth Amendment*"; and (3) an order requiring the United States to provide the Libmans with "fair compensation for the taking of the surveillance system, table[,] and chairs."

The claim fails as it seeks *equitable* relief in the form of a declaration or injunction for the alleged unconstitutional seizure rather than money damages. **HN4**[↑] "[T]he availability of subsequent compensation [for alleged uncompensated takings] mean[s] that such an equitable remedy [i]s not available." *Knick v. Township of Scott, Pennsylvania, 588 U.S. 180, 198, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019)*. But the Tucker Act and the Little Tucker Act expressly provide for compensation for the Libmans' alleged harm. **HN5**[↑] "[T]he availability of the Tucker Act guarantees an adequate remedy at law for any taking which might occur," and because of that guarantee, the equitable relief sought by the Libmans is unavailable. **[*6]** *Regional Rail Reorganization Act Cases, 419 U.S. 102, 149, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974)*.[2]

3. The district court properly dismissed the second individual cause of action against the Kabateck Defendants and the City of Los Angeles ("the City") for declaratory relief. This claim sought declaratory relief against the Kabateck Defendants and the City alleging: (1) Libman is entitled to 29% of the money recovered from the City after the final judgment was entered in *Jones v. Los Angeles, No. BC577267, 2015 Cal. LEXIS 1827 (Cal. Super. Ct. filed Apr. 1, 2015)*; (2) Kabateck is not entitled to any portion of the attorneys' fees awarded in *Jones*; (3) Libman is entitled to conduct an independent audit of all payments made by the City in connection to the *Jones* settlement; and (4) the City is required to pay "at least $11,020,000.00" to the Libmans. The district court dismissed this claim with prejudice after concluding the Libmans were impermissibly forum shopping by "pursu[ing] a remedy in federal court specifically because [they] anticipate[] the state court will reach a decision [they] do[] not like."

**HN6**[↑] "Declaratory relief is appropriate . . . when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . will terminate

---

[1] The district court rejected this claim as duplicative of the class claim.

[2] The district court dismissed this claim as presented in the Libmans' FAC because the Libmans did not bring the claim under the *Little Tucker Act*. In the SAC, the Libmans explained they were "seeking up to the $10,000.00 [limit] per the Little Tucker Act" for their request for "fair compensation." The district court again dismissed this claim, after finding that "the [SAC] is substantially identical to the prior version, and that the limited amendments Plaintiff[s] ha[ve] made do not address the grounds for dismissal set forth in the Court's prior order." On appeal, the Libmans do not raise any claim related to the Little Tucker Act revision nor call on us to decide any issue in connection with the amendment in the SAC.

and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986)* (internal quotations **[*7]** and citation omitted). At the time the district court dismissed the FAC, the Libmans had not filed a request for post-judgment attorneys' fees as required in the *Jones* settlement. Instead, the Libmans sought to preempt a potential rejection of such a request by the state court. The Libmans sought to have a federal court preempt and interfere with a state court's administration of a settlement agreement.

**HN7**[ ] In *Brillhart v. Excess Insurance Company of America*, the Supreme Court held that when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, it is presumed that the entire suit should be heard in state court. *316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)*. A district court may exercise jurisdiction in such circumstance after "balanc[ing] concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)*.

As we have explained, the *Brillhart* Court "wanted to avoid having federal courts needlessly determine issues of state law," was "concern[ed] that parties could attempt to avoid state court proceedings by filing declaratory relief actions in federal court[,]" and "wanted to avoid duplicitous litigation." *Id.* All those concerns are present here and bar the **[*8]** Libmans' claim for declaratory relief.

4. The district court properly dismissed the third cause of action against Defendants Kabateck, Mazzella, George, Annaguey, Feuer, Kingsley, and Judge Berle for alleged violations of Libman's constitutional rights. The Libmans sought damages under *42 U.S.C. § 1983* and claimed Defendants engaged "in a scheme to scapegoat, falsely accuse and deprive [Libman and his law firm] of property in violation of his/its federal protected rights."

While the Libmans claim the district court failed to accept the FAC's allegations as true and made "inferences contrary to appellants," they do not explain what allegations the district court failed to accept nor what inferences the district court improperly made. **HN8**[ ] To allege a conspiracy under *§ 1983*, the Libmans must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002)* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)* (en banc)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (quoting *United Steelworkers, 865 F.2d at 1541*).

As the district court correctly found, the FAC's allegations are "wholly conclusory," and, as such, the district court properly dismissed **[*9]** the claim.

5. Finally, the district court properly dismissed the fifth cause of action against the individual federal Defendants (AUSA Mills, Special Agents Civetti and Mayfield, and Doe Special Agents) under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)*. The Libmans claim these Defendants deprived the Libmans of their rights under the *Fourth* and *Fifth Amendments* by "fabricating, and/or conspiring to do [the] same, a false probable cause affidavit, conduct[ing] [an] excessively forceful and intimidating search and seizure to threaten, intimidate and terrorize plaintiffs," and destroying their security cameras.

**HN9**[ ] As the Supreme Court recognized in *Bivens*, there is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)*). When we evaluate a *Bivens* claim, we engage in a two-part analysis: "[w]e first inquire whether the request involves a claim that arises in a new context or involves a new category of defendants." *Hernandez v. Mesa, 589 U.S. 93, 102, 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020)* (internal quotations and citation omitted). "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], then the context is new." *Ziglar v. Abbasi, 582 U.S. 120, 139, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017)*. If the case presents a new context, we then consider "whether there are any special factors that counsel **[*10]** hesitation about granting the extension." *Hernandez*, 589 U.S. at 102 (cleaned up).

The district court concluded the Libmans' allegations arose from a context different than that of *Bivens* and that there were special factors that counseled against expanding *Bivens*—namely that the Libmans' claim invited a "wide-ranging inquiry into the evidence available to investigators," and that would result in "[b]urdensome discovery."

Unlike the defendants in *Bivens*, the Defendants here had a warrant and did not arrest or conduct bodily searches of the Libmans. See *Bivens, 403 U.S. at 389*. These "differences suffice to satisfy the Court's permissive test for what makes a context 'new.'" *Quintero Perez v. United States, 8 F.4th 1095, 1105 (9th Cir. 2021)*; see *Annappareddy v. Pascale, 996 F.3d 120, 135 (4th Cir. 2021)* ("What *Bivens* involved was the *Fourth Amendment* right to be free of unreasonable *warrantless* searches and seizures; this case, by contrast, involves searches and a seizure conducted *with* a warrant. . . . Indeed, the *Fourth Amendment* sharply distinguishes between with-warrant and warrantless searches . . . .").

Because this case presents a new context, we must consider whether there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Abbasi, 582 U.S. at 136* (citation omitted). Because the Libmans' opening brief fails to address the district court's conclusion that special factors counseled against **[*11]** extending *Bivens* to this context, they have waived the argument that the district court erred in this respect, *Friends of Yosemite Valley v. Kempthorne, 520 F.3d 1024, 1033 (9th Cir. 2008)*, and thus we affirm dismissal of this claim.

**AFFIRMED**.

---

**End of Document**