

**User Name:** Eugenia Fowlkes
**Date and Time:** Tuesday, October 22, 2024 12:55:00 PM MST
**Job Number:** 236685272

## Document (1)

1. *Wolde-Giorgis v. Salt River Project Agric. Improvement & Power Dist.*
   **Client/Matter:** -None-
   **Search Terms:**
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   |  | -None- |


Neutral
As of: October 22, 2024 7:55 PM Z

## *Wolde-Giorgis v. Salt River Project Agric. Improvement & Power Dist.*

Court of Appeals of Arizona, Division One, Department C

January 25, 2011, Filed

No. 1 CA-CV 09-0750

**Reporter**
2011 Ariz. App. Unpub. LEXIS 366 *; 2011 WL 288338

ARAYA WOLDE-GIORGIS, Plaintiff/Appellant, v. SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, Defendant/Appellee.

**Notice:** THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES. See *Ariz. R. Supreme Court 111(c)*; *ARCAP 28(c)*; *Ariz. R. Crim. P. 31.24*

Not for Publication *Rule 28, Arizona Rules of Civil Appellate Procedure*

**Subsequent History:** Subsequent appeal at, Decision reached on appeal by, Sub nomine at *Wolde-Giorgis v. Springs at Gilbert Meadows Apts., 2011 Ariz. App. Unpub. LEXIS 613 (2011)*

**Prior History:** [*1] Appeal from the Superior Court in Maricopa County. Cause No. CV2007-010666. The Honorable Jeanne M. Garcia, Judge.

*Wolde-Giorgis v. McCarthy, 2010 Ariz. App. Unpub. LEXIS 1473 (2010)*

**Disposition:** AFFIRMED.

## Core Terms

notice of claim, motion to dismiss, notice, statute of limitations, federal claim, trial court, rights, accrued cause of action, allegations, conspiracy

**Counsel:** Araya Wolde-Giorgis, Scottsdale, Plaintiff/Appellant In Propria Persona.

Jennings, Strouss & Salmon, P.L.C., By John J. Egbert, Phoenix, Attorneys for Defendant/Appellee.

**Judges:** MICHAEL J. BROWN, Judge. DANIEL A. BARKER, Presiding Judge, MARGARET H. DOWNIE, Judge, concurring.

**Opinion by:** MICHAEL J. BROWN

## Opinion

**MEMORANDUM DECISION**

**BROWN**, Judge

P1 Araya Wolde-Giorgis ("Appellant") challenges the trial court's dismissal of his complaint against Salt River Project Agricultural Improvement and Power District ("SRP"). For the following reasons, we affirm.

**BACKGROUND**

P2 On June 29, 2007, Appellant sued SRP and other defendants alleging discrimination and requesting damages. Appellant asserted that SRP deliberately overcharged him between 1994 and late 2005, refused to refund his deposit when he moved, and "violated *Article II, Sections 4*, *6*, and *8 of the Arizona Constitution* among other Arizona laws as well as 42 USC [sic] *1981*, *1982*, *1983*, *1985*, and *1986*."

P3 SRP moved to dismiss under *Arizona Rule of Civil Procedure 12(b)(6)*, asserting Appellant's claims were barred by his failure to comply with Arizona's [*2] notice of claim statute, *Arizona Revised Statutes ("A.R.S.") section 12-821.01* (2003). Appellant responded that he filed a notice of claim and his federal claims were not subject to state statutes. In an affidavit supporting his supplemental response, Appellant avowed he filed a notice of claim on September 14, 2005.

P4 The trial court granted the motion, noting that Appellant failed to provide the notice of claim he had allegedly filed with SRP. Appellant then filed a motion

for new trial.[1] The court subsequently entered judgment pursuant to *Arizona Rule of Civil Procedure 54(b)*, dismissing the complaint against SRP.[2] This timely appeal followed.

## DISCUSSION

P5 Appellant asserts the [*3] trial court erred by granting SRP's motion to dismiss because he filed a notice of claim and because Arizona's notice of claim statute does not bar his federal claims.[3]

P6 A motion to dismiss is converted to a motion for summary judgment if the court considers documents outside of the pleadings. *Ariz. R. Civ. P. 12(b)*; *see also Green v. Garriott, 221 Ariz. 404, 417, ¶ 50, 212 P.3d 96, 109 (App. 2009)* [*4] ("When papers are attached to a response to a motion to dismiss and the superior court considers those documents or does not strike them, the motion to dismiss is treated as a motion for summary judgment."). In its reply to the motion to dismiss, SRP attached an affidavit of an attorney employed by SRP and a letter SRP received from Appellant in 2002. Appellant attached an affidavit to his supplemental response. These documents converted the motion to one for summary judgment. Accordingly, we review the judgment de novo and will affirm only if there is no genuine dispute of material fact. *Yollin v. City of Glendale, 219 Ariz. 24, 27, ¶ 6, 191 P.3d 1040, 1043 (App. 2008)*. Further, we view the facts in the light most favorable to Appellant. *Mousa v. Saba, 222 Ariz. 581, 585, ¶ 15, 218 P.3d 1038, 1042 (App. 2009)*.

### I. State Law Claims

P7 SRP is a political subdivision of the state and therefore, a public entity. *Stulce v. Salt River Project Agric. Improvement and Power Dist., 197 Ariz. 87, 89 n.1, 3 P.3d 1007, 1009 n.1 (App. 1999)* (citations omitted). As such, actions against SRP are governed by Arizona's notice of claim requirements, specifically *A.R.S. § 12-821.01(A)*, which requires service [*5] of a notice of claim against a public entity "within one hundred eighty days after the cause of action accrues." Additionally, all actions against a public entity "shall be brought within one year after the cause of action accrues." *A.R.S. § 12-821* (2003). A cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know" what caused or contributed to the damage. *A.R.S. § 12-821.01(B)*.

P8 Even assuming Appellant filed a notice of claim on September 14, 2005, his state law claims against SRP are time-barred. If the notice of claim was filed within one hundred eighty days of September 14, 2005, when his cause of action accrued, Appellant did not timely file his complaint, as it was filed on June 29, 2007, well over one year later. *See A.R.S. § 12-821*. And, even if his cause of action accrued at a later date, then Appellant did not file a timely notice of claim, as he does not allege he filed any other notices of claim.[4] *See A.R.S. § 12-821.01(A)*. Therefore, the court properly dismissed Appellant's state law claims.

### II. Federal Claims

P9 Appellant contends that Arizona's notice of claim requirements and related statute of limitations do not control his federal claims under *42 U.S.C. §§ 1981*,

---

[1] Appellant attached his alleged notice of claim to his reply to the motion for new trial, asserting it had been "misplaced for a long time" and he had found it four days earlier.

[2] The denial of Appellant's motion for new trial is implicit in the court's subsequent entry of final judgment. *Molever v. Roush, 152 Ariz. 367, 369 n.1, 732 P.2d 1105, 1107 n.1 (App. 1986)*; *see also State v. Hill, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993)* ("A motion that is not ruled on is deemed denied by operation of law.").

[3] Appellant has waived the other two issues listed in his opening brief because he failed to include any argument or authority supporting them. *Ritchie v. Krasner, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009)* (failure to support arguments with legal authority may constitute abandonment and waiver of that claim). Moreover, contrary to Appellant's assertion, the trial court did not "repeatedly" deny SRP's motion to dismiss, as SRP filed only one motion to dismiss which was granted. Additionally, as to Appellant's claims of discrimination by the trial court and his notice of change of judge, those issues were previously addressed and resolved in a prior memorandum decision. *Wolde-Giorgis v. McCarthy, 1 CA-CV 10-0145, 2010 Ariz. App. Unpub. LEXIS 1473, 2010 WL 5077496, at *2-3, ¶¶ 9-12, 14 (Ariz. App. Dec. 9, 2010)*.

[4] In his complaint, Appellant alleged he "repeatedly wrote several letters between 1995 and 2006, including 8/15/05, [*6] 10/16/05, 12/17/05, 1/16/06, and 2/12/05," but he fails to assert any of those letters constituted a notice of claim. Even if he did make such an assertion, his complaint was still untimely filed on June 29, 2007.

*1982*, *1983*, *1985*, and *1986*. We agree; however, we conclude that the trial court's order granting SRP's motion to dismiss can be sustained on different grounds.

P10 In *Felder v. Casey*, the United States Supreme Court determined that federal law preempted Wisconsin's notice of claim requirements. *487 U.S. 131, 134, 138, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)*, *superseded by statute on other grounds*, *42 U.S.C. § 1997e(a) (West 2011)*. In light of *Felder*, Arizona has recognized the one-year statute of limitations does not apply to *42 U.S.C. § 1983* claims. *See Mulleneaux v. State, 190 Ariz. 535, 540, 950 P.2d 1156, 1161 (App. 1997)*; *Morgan v. City of Phoenix, 162 Ariz. 581, 584, 785 P.2d 101, 104 (App. 1989)*.

P11 Instead, a two-year statute of limitations applies to *§§ 1981*, *1982*, *1983* and *1985* actions. *A.R.S. § 12-542* (2003) (two-year statute [*7] of limitations in personal injury torts); *see Kyles v. Contractors/Eng'rs Supply, Inc., 190 Ariz. 403, 407, 949 P.2d 63, 67 (App. 1997)* (discussing *§ 1981* claims); *Denny v. Hutchinson Sales Corp., 649 F.2d 816, 820 (10th Cir. 1981)* (finding that § 1982 actions are governed by state statute of limitations for personal injury torts); *Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)* (finding that the limitations period for *§ 1983* actions "is that which the State provides for personal injury torts"); *McDougal v. Cnty. of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991)* (finding that *§ 1985* actions governed by state statute of limitations). A one-year statute of limitations, however, applies to *§ 1986* claims. *See 42 U.S.C. § 1986*.

P12 Accordingly, the trial court erred in dismissing Appellant's federal claims based on Arizona's notice of claim requirements and statute of limitations. Nevertheless, we may uphold the dismissal if it was correct for any reason. *See Glaze v. Marcus, 151 Ariz. 538, 540, 729 P.2d 342, 344 (App. 1986)* ("We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court."); *see also Regan v. First Nat. Bank, 55 Ariz. 320, 327-28, 101 P.2d 214, 218 (1940)* [*8] (affirming when an issue was determinative of an action even though it was not raised.). Accordingly, we address the merits of the federal claims raised against SRP.

P13 To survive a motion to dismiss under Arizona law, a complaint must include a short and plain statement showing the relief to which the plaintiff is entitled. [5] *Ariz. R. Civ. P. 8(a)(2)*; *Cullen v. Auto-Owners Ins. Co., 218 Ariz. 417, 419, ¶ 6, 189 P.3d 344, 346 (2008)*. Courts will consider only well-plead factual allegations. *Cullen, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346*. Conclusory statements do not satisfy Arizona's notice pleading standard and "are insufficient to state a claim upon which relief can be granted." *Id.* Appellant's complaint alleges the following against SRP:

> Plaintiff has been a customer of SRP between 1994 and late 2005. During those years, Plaintiff was repeatedly discriminated against and Plaintiff was forced to file two lawsuits in 1994 and 1995. Since then, the discrimination and retaliation were expanded and SRP was actually deliberately overcharging Plaintiff, and Plaintiff was forced out of an SRP area and had to rent in an APS area. Then adding insult to injury, SRP refused to refund Plaintiff's [*9] deposit when he moved out in late 2005. Plaintiff repeatedly wrote several letters between 1995 and 2006, including 8/15/05, 10/16/05, 12/17/05, 1/16/06, and 2/12/05 among many other letters including past and recent ones to both Mr. William Schraeder and current president, Mr. John Williams, and to this day, both of them not only ignored Plaintiff's request and expanded their discriminatory practices but they also refused to even refund my deposit as well as pay me back the money SRP owed Plaintiff. Above all, because of conspiracy among these Defendants with former Defendants . . . to discriminate and retaliate against Plaintiff, the Defendants violated *Article II, Sections 4*, [*10] *6*, and *8 of the Arizona Constitution* among other Arizona laws as well as 42 USC [sic] *1981*, *1982*, *1983*, *1985*, and *1986* and violated privacy rights of Plaintiff by releasing confidential information to a third party without Plaintiff's authorization. Then, as a result of such acts as well as overt acts in furtherance of such conspiracy to retaliate and discriminate against Plaintiff, Plaintiff was completely devastated and suffered enormous emotional and psychological injuries as will be

---

[5] Because it is easier for a plaintiff to withstand a motion to dismiss rather than a motion for summary judgment, we address the federal claims under the motion to dismiss standard. *See Aguinaga v. John Morrell & Co., 602 F. Supp. 1270, 1274 (D. Kan. 1985)*; *Abromats v. Wood, 2009 WY 100, 213 P.3d 966, 969 n.2 (Wyo. 2009)* ("[A]ny claim that would not survive a motion to dismiss would necessarily fail to survive a motion for summary judgment as well.").

shown during the trial. We conclude that Appellant's federal claims pleadings are insufficient under Arizona's notice pleading requirements.

P14 Section 1981(a) provides that all persons "shall have the same right in every State and Territory to make and enforce contracts [*11] . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). A claim under 42 U.S.C. § 1981 requires a showing of "intentional discrimination on account of race." Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989).

P15 Absent from Appellant's allegations against SRP are any facts showing he was intentionally discriminated against on account of his race. There is no allegation SRP acted with racial animus. Moreover, Appellant presents only legally conclusory statements without adequate factual allegations. See Cullen, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346.

P16 Likewise, Appellant's claims under 42 U.S.C. § 1982 were properly dismissed. Section 1982 provides that "[a]ll citizens . . . shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. There is no allegation bearing on any element of this statute indicating a prima facie cause of action. See Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980) (noting the elements of [*12] establishing a prima facie cause of action under § 1982); Cahill v. Cedar Cnty, Iowa, 367 F. Supp. 39, 45 (N.D. Iowa 1973) (section 1982 was designed "to prevent racial discrimination in property rights").

P17 Section 1983 prohibits persons from depriving another person under color of state law of any rights, privileges, or immunities. 42 U.S.C. § 1983. Appellant fails to specifically identify the nature of the constitutional rights he contends SRP violated. Merely listing certain provisions of the Arizona Constitution without any explanation is insufficient under Arizona's pleading standards as there are no factual underpinnings.

P18 Section 1985 protects against conspiracy to interfere with civil rights. See 42 U.S.C. § 1985. Appellant's claims that SRP violated his rights "because of conspiracy" is insufficient to withstand dismissal of his § 1985 claim. See Aldabbagh v. Ariz. Dep't of Liquor Licenses and Control, 162 Ariz. 415, 419, 783 P.2d 1207, 1211 (App. 1989) ("In order to have a conspiracy to interfere with a person's civil rights by denying him equal protection of the laws, the complaint must allege invidiously discriminatory class-based animus and must allege facts showing [*13] this invidiousness."); accord Kadlec v. Ill. Bell Tel. Co., 407 F.2d 624, 627 (7th Cir. 1969). Because Appellant's allegations are insufficient under § 1985, they are also insufficient under § 1986.[6] See Dowsey v. Wilkins, 467 F.2d 1022, 1026 (5th Cir. 1972) (sections 1985 and 1986 are interrelated dependent causes of action).

P19 Because Appellant failed to state a claim under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, the trial court properly dismissed his complaint against SRP.

**CONCLUSION**

P20 For the foregoing reasons, we affirm the judgment of the trial court.

/s/ MICHAEL J. BROWN, Judge

CONCURRING:

/s/ DANIEL A. BARKER, Presiding Judge

/s/ MARGARET H. DOWNIE, Judge

---

**End of Document**

---

[6] Moreover, because a one-year statute of limitations applies to § 1986 actions, see supra ¶ 11, Appellant's claims under this section are time-barred as his cause of action apparently accrued in 2005 when he allegedly filed a notice of claim.