Robert B. Zelms, Arizona Bar No. 018956
rzelms@zellaw.com
Courtney D. Casiano, Arizona Bar No. 034430
ccasiano@zellaw.com
**ZELMS ERLICH LENKOV**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl A. Wescott,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Mr. Ezra Doe; Ms. Michele Doe; Fry's Food Stores of Arizona, Inc.,<br><br>　　　　　Defendants. | Case No. CV-24-00198-PHX-DJH<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** |

　　　　Defendants Fry's Food Stores of Arizona, Inc., ("Fry's"), Mr. Ezra Alcala ("Ezra"), and Michelle Declerca ("Michelle"), (collectively "Defendants"), by and through undersigned counsel, hereby submit this Reply in Further Support of its Motion to Dismiss the Complaint, for lack of subject-matter jurisdiction and because the Complaint fails to state any claim upon which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITY

**I.　　LEGAL ARGUMENT**

　　　　**A.　　Plaintiff Has Not, And Cannot, Cure His Failure to Comply With Title II's Notice Requirement And As A Result, It Necessitates Dismissal For Lack of Subject-Matter Jurisdiction.**

　　　　Plaintiff's responsive brief to Defendants' initial moving papers proves that Plaintiff has not complied with Title II's notice requirement. Plaintiff concedes that he did not timely submit a complaint with the Arizona Civil Rights Division ("ARCD"). Pursuant to 42

U.S.C. § 2000a-3(c), Plaintiff needed to timely notify the appropriate State or local authority where such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." In Arizona, the ARCD is the agency specifically designated to review civil rights complaints and enforce the Arizona Civil Rights Act. *See Dragonas v. Macerich*, 2021 U.S. Dist. LEXIS 20386, *6 (Feb. 3, 2021) (citing A.R.S. § 41-1401 of the Arizona Civil Rights Act which prohibits the denial of the "advantages, facilities or privileges" of a place of public accommodation "because of race, color, religion, sex, national origin or ancestry."). Thus, notifying the ARCD is a "prerequisite for federal jurisdiction" because the ARCD has authority to hear complaints of discrimination prohibited by Title II. *See id.*, at *4-5 (citing *May v. California Hotel & Casino, Inc.*, 2014 U.S. Dist. LEXIS 51851, *3 (D. Nev. Apr. 14, 2014)).

Here, Plaintiff was required to notify the ACRD of the alleged violations and because the Complaint does not allege that he did so, Plaintiff has failed to comply with Title II's notice requirement. *See Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1425-26 (D. Idaho 1995) (holding that 42 U.S.C. § 2000a-3(c) clearly required plaintiffs with Title II claims to give prior notice to the relevant state or local authorities prior to initiating suit.).

Moreover, Plaintiff fails to provide any authority or compelling arguments to overcome the plain language of 42 U.S.C. § 2000a-3(c) and A.R.S. § 41-1401 of the Arizona Civil Rights Act which require that the claimant file an alleged claim with the ACRD within 180 days from the date of the alleged practice or act. Additionally, 42 U.S.C. § 2000a-3(c) required Plaintiff to file his claims of alleged discrimination with the ACRD at least 30 days prior to bringing his Title II claims before this Court. *See Abhyanker v. HumanGood the Terraces Phx.*, 2024 U.S. Dist. LEXIS 155305, *5-6 (D. Ariz. 2024). Here, the pleadings do not allege that he filed a claim with the ACRD within 180 days from the date of the alleged practice or act; nor does he allege that he filed a claim with the ACRD at least 30 days prior to commencing the instant action.

Importantly, Plaintiff makes factual assertions in his Opposition that are not found in the Complaint. For example, Plaintiff newly alleges that he called the Attorney General's

Office in January 2024 to lodge a complaint, but he was advised that he would need to provide the names of the alleged violators. *See* Plaintiff's Opposition; *see also* Plaintiff's Declaration and Sworn Affidavit Annexed to Plaintiff's Opposition as Exhibit A. Additionally, Plaintiff alleges that he submitted a civil rights complaint on November 15, 2024. *Id.* Plaintiff further claims that on November 25, 2024, the ACRD informed him that they would not investigate his complaint because the 180-day period for considering his complaint had lapsed. *Id.* As these are new allegations that are not presented in the operative pleadings, they should not be considered on a Rule 12(b)(6) motion. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)); *see also* 2 *Moore's Federal Practice*, § 12.34(2) (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Nevertheless, even if this Court considers these new allegations, they demonstrate that Plaintiff utterly failed to comply with Title II's notice requirement by not submitting a timely complaint to the ACRD. Thus, Plaintiff's failure to comply with the notice requirement necessitates dismissal of the Title II claims as against the Individual Defendants.

      **B.** **The Complaint Fails to State Any Claim Upon Which Relief Can Be Granted And Thus, Should Be Dismissed With Prejudice.**

          **i.** **Plaintiff's Misconstrues the Appropriate Pleading Standards on a Motion to Dismiss**

Plaintiff's Complaint is devoid of specific factual allegations showing that Defendants (1) conspired to interfere with his civil rights; (2) violated his right to public accommodations; and (3) negligently hired, retained, or supervised Mr. Alcala and Ms. Declerca. On the contrary, Plaintiff instead makes unwarranted deductions of fact based on his beliefs and his misguided perceptions of other peoples' behaviors. The Complaint, and

Plaintiff's Opposition, do not provide sufficient facts to allow this Court to make any reasonable inference that Plaintiff is entitled to the relief he seeks.

At the pleadings stage, Plaintiff bears the burden of demonstrating that his pleadings contain a "short and plain statement of the claim showing that [he] is entitled to relief," which he has not done. Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 550 U.S. 544 (2007). Here, Plaintiff's Complaint utterly fails to include sufficient factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." *See Brown v. Maricopa Cnty.*, 2024 U.S. Dist. LEXIS 213772, *2-3 (D. Ariz. 2024) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when Plaintiff pleads facts that would allow this Court to draw the reasonable inference that Defendants are liable for the misconduct that Plaintiff is alleging. *Brown*, 2024 U.S. Dist. LEXIS at *2.

While courts liberally construe the pleadings, especially where the plaintiffs are self-represented, courts have explicitly held that vague and conclusory allegations are not sufficient to withstand a motion to dismiss. *See Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). This is especially true where, as here, legal conclusions are couched as factual allegations, which are not entitled to the assumption of truth. *See Preciado v. Great Wolf Lodge*, 2023 U.S. Dist. LEXIS 148626, *6 (D. Ariz. 2023) (citing *Ashcroft,* at 555). As explained *infra*, Plaintiff's Opposition does not cure the many pleading deficiencies in his Complaint, which are nearly all assumptions, conjecture, speculation, and legal conclusions.

> **ii. The Opposition Fails to Sufficiently Address The Argument That Plaintiff's First Cause of Action Necessitates Dismissal for Failure to State a Claim Because Plaintiff Does Not Plausibly Allege that the Individual Defendants Conspired to Interfere With His Civil Rights.**

Plaintiff misunderstands Defendants' argument that the Complaint fails to assert

4

factual allegations which state a valid claim for relief as to his § 1985(3) claim. To sufficiently plead the existence of a conspiracy—which Plaintiff has failed to do here—he needs to provide more facts and details explaining why he believes Mr. Alcala and Ms. Declerca came to an agreement or conspired to interfere with Plaintiff's civil rights due to him being poor and of foreign origin. *See Redd-Oyedele v. Santa Clara Cnty. Off. Of Educ.*, 2024 U.S. Dist. LEXIS 46448, *16-19 (N.D. Cal. 2024) (finding that the plaintiff allegations were nearly all legal conclusions that lacked factual support and that they merely recited the elements of a claim of conspiracy). Instead, Plaintiff's allegations amount to mere speculations as the pleadings, as well as Plaintiff's Opposition, recite "threadbare elements" of the claims and make "naked assertions devoid of further factual enhancement[.]" *See Dragonas*, 2021 U.S. Dist. LEXIS 166141, *4 (Sep. 1, 2021) (citing *Iqbal*, 556 U.S. at 678).

Plaintiff's Opposition fails to address the numerous pleading deficiencies which are rife with assumptions, legal conclusions, and speculations. For example, in his Opposition, Plaintiff incorrectly argues that he has satisfied the elements of a § 1985(3) claim, which require the existence of "(1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citation omitted). Despite Plaintiff's contention to the contrary, Plaintiff's Opposition asserts without any reasonable basis that the pleadings satisfy the requisite elements of a § 1985(3) claim because the allegations are based on his own belief. However, nowhere in the pleadings, nor in Plaintiff's Opposition, does Plaintiff attempt to explain how his conclusion could be logically deduced based on the fact allegations in the pleadings, and it ultimately fails to support any conclusion that Defendants conspired to deprive him of his civil right to public accommodations.

Plaintiff fails to establish the first element, which requires he show "an agreement or 'meeting of the minds'" [between the Individual Defendants] to violate his constitutional rights, and he also fails to show that the Individual Defendants shared "the common

objective of the conspiracy." *See Frankin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Plaintiff additionally fails to establish the second element in his pleadings which requires that he plausibly allege that the Individual Defendants intended to deprive any person or class of persons of the equal protection of the laws. *Gillespie*, 629 F.2d at 641. Here, Plaintiff is relying on his own unsupported belief that the Individual Defendants had a meeting of the minds which sought to deprive him of his civil right to public accommodation. *See* Compl., ¶¶ 85, 160-61, 163. Contrary to the requisite pleading standards pursuant to Rule 8, Plaintiff instead speculates that the Individual Defendants had "communicated in the past about" him and targeted him for being poor and of foreign origin. *See id.* ¶¶ 85, 87. Crucially, however, Plaintiff's factual allegations do not establish how the Individual Defendants would have known about Plaintiff's self-identified statuses as poor and foreign. Because Plaintiff does not allege how he knows that the Individual Defendants were aware of Plaintiff's statuses as poor and foreign, his claim that the Individual Defendants intended to deprive him equal protection of the laws based on his statuses are pure conjecture and speculation.

Moreover, Plaintiff similarly fails to establish the third element because the pleadings merely speculate that the following constituted acts in furtherance of a conspiracy: (1) Mr. Alcala allegedly stomping on Plaintiff's copy of the New York Times; (2) Mr. Alcala allegedly reporting Plaintiff to Ms. Declerca; (3) Ms. Declerca claiming that a police report was filed against Plaintiff; and (4) Ms. Declerca asking Plaintiff to leave the premises. *See id.* at ¶¶ 75, 86. As to the fourth element, Plaintiff alleges without any reasonable basis, that he was damaged by Mr. Alcala and Ms. Declerca's actions, and that as a result he stopped patronizing the Fry's store after the 2022 incident. *See id.* at ¶¶ 45, 50, 166. There are no facts that support Plaintiff's contention of being harmed by Mr. Alcala and Ms. Declerca's actions. Indeed, his only allegation of harm—that he stopped patronizing the Fry's store at issue after the 2022 incident—is contradicted by Plaintiff's allegations that he returned to the Fry's store more than once after the 2022 incident. Thus, because Plaintiff failed to cure the pleading deficiencies related to his first cause of action, it must be dismissed, and any

amendment to this claim would be futile.

        **iii. Notwithstanding Plaintiff's Failure to Comply With Title II's Notice Requirement, The Opposition Fails to Sufficiently Address The Argument That Plaintiff's Title II Claim Must Be Dismissed for Failure to State a Claim Because Plaintiff Does Not Plausibly Allege That The Individual Defendants Violated Plaintiff's Right to Public Accommodations.**

Plaintiff's Title II claim must be dismissed because Plaintiff failed to comply with the notice requirement, but even if this Court considers the factual allegations of Plaintiff's Title II claim, Plaintiff's Opposition fails to address its numerous pleading deficiencies. Importantly, Plaintiff does not address his failure to plausibly allege that he was denied the full benefits or enjoyment of a public accommodation which were available to similarly situated persons outside of his protected class. *See* Compl., ¶¶ 59-99. Plaintiff's assumption that "any reasonable person reading his complaint would have inferred . . . that most Fry's shoppers were receiving the benefits of [a] public accommodation" is not based on factual allegations, but rather, on Plaintiff's unsupported beliefs and perceptions. *See* Plaintiff's Opposition, p. 9.

Here, Plaintiff makes the unwarranted deduction that he was treated adversely by Defendants because he was foreign, but he provides no examples of Fry's treating similarly situated individuals better than him because they were not foreign. Indeed, Plaintiff cannot genuinely allege that Defendants knew of his status, or of other shoppers' statuses, and Plaintiff provides no support for his assumption that the Individual Defendants even knew of his status as foreign. Moreover, Plaintiff does not allege how he knows that "thousands of people are enjoying the public accommodation" which, without any factual support, amounts to mere conjecture and baseless assumptions. *See* Plaintiff's Opposition, p. 9.

Despite Plaintiff's incorrect assertion that the Complaint plausibly alleges a Title II claim, Plaintiff's Opposition further supports the fact that Plaintiff is basing his claim on assumptions. One of the primary objectives of the *Iqbal* pleading standards is to avoid "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than

conclusions[.]" *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023) (citing *Iqbal*, 556 U.S. at 678-79). Plaintiff's assumptions are explicit, and they are based on Plaintiff's hope that he will uncover new facts during discovery, which is improper at the pleadings stage and insufficient to overcome a motion to dismiss.

        **iv. The Opposition Fails to Sufficiently Address The Argument That Plaintiff's Third Cause of Action Necessitates Dismissal for Failure to State a Claim Because Plaintiff Does Not Plausibly Allege a Claim for Negligent Retention or Supervision As Against Fry's.**

Plaintiff's hope to uncover any supporting facts during discovery is made even more apparent in his response to Defendants' argument that Plaintiff fails to state a claim for negligent retention or supervision. Plaintiff admits that he does not know whether Fry's was negligent in hiring, retaining, or supervising Mr. Alcala and Ms. Declerca. *See* Plaintiff's Opposition, p. 11. Plaintiff's admission demonstrates that his allegations are baseless, and that Plaintiff's claim of negligent hiring, retention, and/or supervision is based on his misguided belief that Mr. Alcala and Ms. Declerca acted out against him due to bias and discrimination. As stated *supra*, Plaintiff's hope of uncovering facts during discovery to help him narrow down his third cause of action is wholly improper and unwarranted where, as here, the pleadings are rife with unsupported conclusions. Thus, Plaintiff's third cause of action should also be dismissed for failure to state a claim.

## II.    CONCLUSION

For the reasons stated herein, and in Defendants' initial moving papers, Plaintiff's Complaint requires dismissal for lack of subject-matter jurisdiction and because the Complaint fails to state a claim on all three causes of action. Thus, Defendants respectfully ask this Court to grant its Motion to Dismiss the Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6) and dismiss the Complaint in its entirety with prejudice.

///

///

///

DATED: December 2, 2024          ZELMS ERLICH LENKOV

By:    *s/ Courtney D. Casiano*
Robert B. Zelms
Courtney D. Casiano
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Carl A Wescott**
8210 E Via De La Escuela
Scottsdale, AZ 85258
276-773-7377
carlwescottdubai@gmail.com
*Plaintiff*

*s/ Diana Drake*